**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SOUTHERN OHIO MEDICAL CENTER,

                                                   Case No. 1:19-cv-477

         Plaintiff,                             Dlott, J.

                                                   Bowman, M.J.

         v.

JEFFREY LINNE, et al

         Defendants.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants' motions to dismiss (Docs. 5, 6) and Plaintiff's motion to remand. (Doc. 7). The motions will be addressed in turn.

## I.    Background and facts

Plaintiff Southern Ohio Medical Center (the "Hospital") seeks to collect additional payment for hospital goods and services it allegedly provided to Mr. Linne on various dates of service in 2017. Plaintiff contends that Defendants owe Plaintiff in excess of $25,000 for medical services provided. Notably, Plaintiff alleges that Bulk Transit Corp, is self-insured and the employer of Defendant Linne. Through Group & Pensions Administrators, Inc., the self-insurer, Plaintiff alleges that Bulk Transit pre-approved all medical care received by Defendant Linne.

Plaintiff originally filed this action in the Court of Common Pleas, Scioto County, Ohio. (Doc. 1, Ex. A). Plaintiff later amended its complaint by adding a new defendant, Bulk Transit. The amended complaint asserts two counts against the Defendants; namely, for account/breach of contract (Doc. 1, Ex. A at ¶¶1-2), and/or quantum meruit and unjust

enrichment. (Doc. 1, Ex. A at ¶¶3-10). Defendant Bulk Transit them removed the case to this Court asserting that Plaintiff's claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

## II. Analysis

Defendant Bulk Transit argues that Plaintiff's claims are subject to the Employee Retirement Income Security Act of 1974 ("ERISA") and therefore, the state law claims asserted in the amended complaint are preempted by ERISA.  As such, Defendant Bulk Transit seeks dismissal of this action.  Defendant Linne also seeks dismissal of Plaintiff's claims for failure to state claim for relief.   Plaintiff, however, argues that this case is a simple collection action and has nothing to do with ERISA.  As such, Plaintiff argues this matter should be remanded back to state court.

### A.  Plaintiff's claims were properly removed

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part: "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the ... defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The issue to be resolved on a motion to remand is whether the district court lacks subject matter jurisdiction or, in other words, whether the case was properly removed from the state court. 28 U.S.C. § 1447(c); *Weil v. Process Equipment Co. of Tipp City*, 879 F. Supp.2d 745, 748 (S.D. Ohio 2012) (citing *Provident Bank v. Beck*, 952 F. Supp.

539, 540 (S.D. Ohio 1996)). The removing party bears the burden of demonstrating that the district court has jurisdiction over the case. *Id.* (citing *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). "The removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* (quoting *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)).

"[W]hen ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In determining the propriety of removal, courts apply the "well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1983). Under the well-pleaded complaint rule, subject matter jurisdiction exists only when an issue of federal law exists on the face of the complaint. *Id.*; *Husvar v. Rapoport*, 430 F.3d 777, 781 (6th Cir. 2005). A corollary of the well-pleaded complaint rule is that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64. A case alleging a state law claim can be removed "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Weil*, 879 F. Supp.2d at 748-49 (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004)) (quoting in turn *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

ERISA is a federal statute that allows for complete preemption. *Id.* at 749 (citing *Davila, Inc.*, 542 U.S. at 207). ERISA's regulatory scheme is intended "to protect people participating in employee benefit plans." *K.B. by & through Qassis v. Methodist Healthcare - Memphis Hosps.*, 929 F.3d 795, 799 (6th Cir. 2019) (citing 29 U.S.C. §

1001(b)). Under ERISA's "comprehensive civil enforcement scheme," plan benefit "participants and beneficiaries are able 'to recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan.'" *Id.* (citing 29 U.S.C. § 1132(a)(1)(B)). Thus, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209. On the other hand, there is no complete preemption for a state law claim that stems from a duty that "is not derived from, or conditioned upon, the terms" of an ERISA plan. *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013).

Here, Plaintiff's second amended complaint alleges in relevant part:

> 4. "Through Group Pensions and Administrators, Inc., the self-insurer, Bulk Transit Corporation (hereinafter "Bulk Transit Corp"), pre-approved all medical care received by the Defendant, Jeffrey Linne, which is the subject of this suit for collection.

> 5. Bulk Transit Corp, is self-insured and the employer of Defendant, [ sic ] Linne.

> 6. Group & Pensions Administrators, Inc., is the Third-Party Administrator and/or agent that pre-approved all treatment received by the Defendant Jeffrey Linne.

(Doc. 4).

Moreover, Defendant Linne assigned his benefits under his employee healthcare benefits plan to Plaintiff. (*See* Doc. 8, Exs. A, B). Notably, upon his admission to SOMC on October 12, 2017, Linne signed a "Release of Information and Assignment of Benefits" in which he agreed to the following terms: "The undersigned agrees to the assignment of all third-party payor benefits to SOMC...." (*Id.*).

Based on the foregoing, Defendants contend that they properly removed this case to federal court because SOMC's claims relate to an ERISA plan and fall within the scope of ERISA's civil enforcement provision, § 1132(a). (Doc. 9 at 4-6). Defendants argue that SOMC brings its claims as an assignee of benefits allegedly owed Linne under Bulk Transit's ERISA plan. Defendants contend that SOMC's claims are completely preempted and present a federal question over which this Court has subject matter jurisdiction. The undersigned agrees.

The Court must first determine whether SOMC is a plan participant or beneficiary with standing to assert a claim under ERISA. *See Taylor-Sammons v. Bath*, 398 F. Supp. 2d 868, 875 (S.D. Ohio 2005) (citing Ward, 261 F.3d at 627). See 29 U.S.C. § 1132(a)(1)(b) (authorizing only plan participants and beneficiaries to sue to recover their benefits under a plan). "[T]here is broad consensus that when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA.*" Brown v. BlueCross Blueshield of Tennessee, Inc.*, 827 F. 3d 543, 547 (6th Cir. 2016) (collecting cases from the First, Second, Third, Fifth, Seventh, and Ninth Circuit Courts of Appeal). Here, it is undisputed that Linne assigned his benefits to Plaintiff under his ERISA insurance Plan.  The effect of the assignment is that SOMC, the healthcare provider/assignee, "stands in the shoes of the [participant]," Linne, and "can only assert claims that could have been brought by" Linne. *See Brown*, 827 F.3d at 547.  In light of the forgoing, the undersigned finds that Plaintiff has standing to enforce the terms of the Plan.

Because SOMC has standing as a beneficiary to raise an ERISA claim, the Court must next determine whether SOMC is complaining about a denial of benefits under an

ERISA plan. In *Davila*, the Supreme Court articulated a two-prong test to determine whether a claim falls in the category that is completely preempted or in the category not preempted. 542 U.S. at 210, 124 S.Ct. 2488. A claim falls in the category of complete preemption under § 1132(a) when a claim satisfies both prongs of the following test:

(1) the plaintiff complains about the denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and

(2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms.

*Milby v. MCMC LLC*, 844 F.3d 605, 610 (6th Cir. 2016) (citing G*ardner*, 715 F.3d at 613 (quoting *Davila*, 542 U.S. at 210, 124 S.Ct. 2488). Here, both prongs of the *Davila* test are satisfied. Namely, Plaintiff's claim for recovery of benefits against defendant Bulk Transit is in essence a claim for benefits under an ERISA plan and satisfies the first prong of the *Davila* test. See *S. Ohio Med. Ctr. v. Griffith*, No. 19-CV-261, 2019 WL 5884280, at *6 (S.D. Ohio Nov. 12, 2019). Second, Plaintiff's nonpayment claim is implicitly based on the preapproval terms of the ERISA plan and requires a determination of whether its services fall within the plan's coverage. SOMC does not allege the violation of a legal duty by Bulk Transit that is independent of ERISA. Therefore, the second prong for complete preemption is met. *Id.*

Accordingly, the two prongs of the complete preemption doctrine are satisfied as to SOMC's claim against Bulk Transit. *See Davila,* 542 U.S. at 204-05. SOMC's claim against Bulk Transit is completely preempted by ERISA. As such, Bulk Transits motion to dismiss Plaintiff's state law claims pursuant to ERISA (Doc. 5) should be granted. Plaintiff's motion to remand (Doc. 7) be **DENIED in part**, as to Defendant Bulk Transit.

*B. State Law Claims against Defendant Linne*

With respect to Defendant Linne, the complaint alleges that Linne failed to pay for medical services it provided to him as its patient. (*Id.*, ¶¶ 1-2). There is no assertion that Defendant Linne's state law claims are pre-empted by ERISA. As noted above, Plaintiff's claims against Linne arise under Ohio Law. Accordingly, Plaintiff's motion to remand is well taken as to Defendant Linne and Plaintiff's claims against Defendant Linne should be remanded back to state court.[1]

### III. Conclusion

In light of the foregoing, it is herein **RECOMMENDED** that: 1) Defendant Bulk Transit's motion to dismiss (Doc. 5) be **GRANTED**; Defendant Linne's motion to dismiss (Doc. 6) be **DENIED** as **MOOT**; 3) Plaintiff's motion to remand (Doc. 7) be **DENIED in part**, as to Defendant Bulk Transit and **GRANTED**, **in part,** as to Defendant Linne; and 4) Plaintiff's claims against Defendant Linne be **REMANDED** to state court.

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Also before the Court is Defendant Linne's motion to dismiss Plaintiff's state law claims asserted against him. However, in light of the finding that Plaintiff's claims against him should be remanded to state court, Linne's motion to dismiss should be denied as moot.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SOUTHERN OHIO MEDICAL CENTER,

                                                     Case No. 1:19-cv-477

            Plaintiff,                               Dlott, J.
                                                     Bowman, M.J.

            v.

JEFFREY LINNE, et al

            Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).