# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| SOUTHERN OHIO MEDICAL CENTER, | Case No. 1:19-cv-477 |
| Plaintiff, | Judge Susan J. Dlott |
| | Magistrate Judge Stephanie K. Bowman |
| v. | |
| JEFFREY LINNE, et al., | **ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION** |
| Defendants. | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 21) regarding Defendant Jeffrey Linne's and Defendant Bulk Transit Corporation's ("Bulk Transit's") joint motion to dismiss on ERISA grounds (Doc. 5), Linne's additional, separate motion to dismiss[1] (Doc. 6), and Plaintiff Southern Ohio Medical Center's ("SOMC's") motion to remand (Doc. 7). The Magistrate Judge recommended that the joint motion to dismiss on ERISA grounds be granted,[2] that the motion to remand be granted in part as to Linne and denied in part as to Bulk Transit, and that Linne's motion to dismiss be denied as moot. (*See* Doc. 14 at PageID 106.) For the reasons that follow, the Court adopts in part and rejects in part the Report and Recommendation.

## I. Background

As acknowledged by Defendants, SOMC "provided health care goods and services to Linne, a patient who was covered by a self-funded employee welfare benefit plan . . . governed by ERISA[3] and sponsored by Bulk Transit." (Defs.' Mot. to Dismiss, Doc. 5 at PageID 36.)

---

[1] In the future, the parties are advised that only one substantive motion per party is permitted. The Court will strike such duplicative motions in the future.
[2] The Report and Recommendation recommends granting "Bulk Transit's motion to dismiss (Doc. 5)[,]" but this motion was brought by both Defendants.
[3] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

1

SOMC filed a two-count Second Amended Complaint for related damages in the Court of Common Pleas for Scioto County, Ohio. (*See* Notice of Removal, Ex. A, Doc. 1-1.) In it, SOMC alleged that Linne had agreed to pay SOMC for those goods and services (Count I). SOMC also alleged that Bulk Transit's third-party administrator had pre-approved Linne's receipt of those goods and services, a representation upon which SOMC relied (Count II). Both Counts refer to damages in the amount of $25,375.69. Bulk Transit removed the action to federal court. (Doc. 1.) SOMC then moved to remand the case to state court. (Doc. 7.)

## II. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). By contrast, as here, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Malave v. Saul*, No. 1:18cv2747, 2019 WL 5552613, at *1 (N.D. Ohio Oct. 28, 2019) (quoting Fed. R. Civ. P. 72 Advisory Committee Notes).

## III. Analysis

This case concerns facts nearly identical to those considered in *Southern Ohio Medical Ctr. v. Griffith*, Case No. 19-cv-261, 2019 WL 5884280 (S.D. Ohio Nov. 12, 2019), *rec. adopted*, 2020 WL 581836 (S.D. Ohio Feb. 6, 2020)—in addition to featuring the same counsel on both sides and the same plaintiff (SOMC). The Court agrees with the Report and Recommendation here, as it did in *Griffith*, to the extent that it found that SOMC's claim against

2

the employer (in this case, Bulk Transit) is completely preempted. The Report and Recommendation in this case further found that such preemption compels the conclusion that Bulk Transit's "motion to dismiss [SOMC's] state law claims pursuant to ERISA . . . should be granted." (Doc. 14 at PageID 105.) The Magistrate Judge's recommendations as to the remaining motion to dismiss and motion to remand flowed from that premise.

Respectfully, the Court does not agree. "[A] defendant cannot remove an action on the basis that it states a claim under ERISA, and then move to dismiss on the basis that it is preempted by ERISA, the very statute which gave it life. . . . ERISA cannot be both the match which sparks a claim's fire and the bucket of water used to extinguish it." *Ackerman v. Fortis Benefits Ins. Co.*, 254 F. Supp. 2d 792, 817 (S.D. Ohio 2003). *Cf. Loffredo v. Daimler AG*, 500 F. App'x 491, 495 (6th Cir. 2012) ("[C]omplete preemption amounts to an exception to the well-pleaded complaint rule that converts a state-law claim that could have brought under § 1132 into a federal claim . . . and makes the recharacterized claims removable to federal court[.]" (citations omitted)). Instead of dismissing the completely preempted ERISA claim, the Court elects to follow the "prevailing practice" in such a case, which "is to grant . . . leave to file an amended complaint, recasting those claims (which, despite their state-law language, *are* federal claims) in the language of ERISA." *Erbaugh v. Anthem Blue Cross & Blue Shield*, 126 F. Supp. 2d 1079, 1082 (S.D. Ohio 2000) (quoting *B–T Dissolution, Inc. v. Provident Life and Accident Ins. Co.*, 101 F. Supp. 2d 930, 932 n.3 (S.D. Ohio 2000)) (emphasis in original). *See also Richie v. Hartford Life & Acc. Ins. Co.*, No. 2:09-CV-00604, 2010 WL 785354, at *6 (S.D. Ohio Mar. 5, 2010) (finding that giving plaintiffs with completely preempted claims leave to amend their complaint was the "better course"). As a result, the Court will deny Defendants' motion to dismiss on ERISA grounds (Doc. 5) as it pertains to Bulk Transit. Instead, the Court will give

3

SOMC fourteen days to either file an amended complaint for benefits under ERISA § 502(a) against Bulk Transit or to voluntarily dismiss Bulk Transit as a defendant in this action.

Having concluded that SOMC's claim against Bulk Transit is completely preempted, but that dismissal on that basis alone is not warranted, the Court turns to the remaining arguments in support of dismissal as it relates to the state-law claim against Linne. The Court agrees with the Magistrate Judge's conclusion that SOMC's claim against Linne arises only under Ohio law and that complete preemption is not at issue. (*See* Doc. 14 at PageID 106.) SOMC's Second Amended Complaint is far from a picture of clarity, so to the extent that Count I is contractual in nature, Defendants point to a lack of documentation to support it. (*See* Doc. 5 at PageID 37–38.) To the extent that Count I is an unjust enrichment or quantum meruit claim, Defendants argue that it is either improperly pled (*see id.* at 38–40) or, alternatively, fails as a matter of law (*see id.* at PageID 40). In sum, the remaining arguments in support of the joint motion to dismiss target deficiencies relative to state-law claims. Linne's independent motion to dismiss focuses on the vague and conclusory nature of SOMC's pleading, though acknowledges that the proper "remedy is not dismissal, but the Court requiring [SOMC] to provide a more definite statement." (Doc. 6 at PageID 52.)

The federal claim against Bulk Transit gives the Court the option to exercise jurisdiction over SOMC's state-law claim against Linne and consider the merits of these arguments. *See Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (holding that the district court had supplemental jurisdiction over state-law claims where the plaintiff's complaint had alleged "claims sufficiently related to ERISA to invoke federal-question jurisdiction"). But "when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy,

4

convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). This analysis is straightforward where the claim providing a basis for federal jurisdiction has been dismissed. *See Perry v. Se. Boll Weevil Eradication Found.*, 154 F. App'x 467, 478 (6th Cir. 2005) ("Although the plaintiffs may very well have valid state-law tort claims, once the district court dismissed the core federal claims from the case, it was appropriate for it to dismiss, without prejudice, the state claims, so that the plaintiffs may pursue these claims in a more appropriate forum."); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." (citations omitted)); *Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1988) ("It is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendent state law claims should be dismissed." (citations omitted)).

The Court finds that the appropriate course of action is to give SOMC an opportunity to affirmatively represent whether it will pursue an ERISA claim against Bulk Transit before considering the questions of supplemental jurisdiction. Thus, after the fourteen days pass for Plaintiff to file an amended complaint, Defendants may file new motions to dismiss within twenty-one days.

## IV. Conclusion

The Court adopts in part and rejects in part the Report and Recommendation (Doc. 14) consistent with the discussion above and **ORDERS** as follows:

1. Defendants' joint motion to dismiss on ERISA grounds (Doc. 5) is **DENIED** to the extent that it pertains to the claim asserted against Bulk Transit and the remainder is **DENIED AS MOOT**.
2. Defendant Linne's motion to dismiss (Doc. 6) is **DENIED AS MOOT**.
3. Plaintiff's motion to remand (Doc. 7) is **DENIED AS MOOT**.
4. Plaintiff shall have **14 days** from the entry of this Order to either (a) file an amended complaint that includes a claim for benefits under ERISA § 502(a) against Bulk Transit or (b) voluntarily dismiss its claim against Bulk Transit. The Court will construe the lack of a timely, instructive filing by SOMC as a failure to prosecute its ERISA claim and will dismiss the claim against Bulk Transit by separate order.
5. Defendants may file dismissal motions **21 days** after the 14 days prescribed above runs.

**IT IS SO ORDERED.**

Dated: March 9, 2020

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court

6